IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LUKE E. HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-03116 |
| ) | |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 15). Magistrate Judge Schanzle-Haskins recommends that this Court (1) deny Plaintiff Luke E. Hardy's Motion for Summary Judgment and Memorandum of Law in Support Thereof (d/e 12); (2) grant Defendant's Motion for Summary Affirmance (d/e 14); and (3) affirm Defendant's decision that Plaintiff was not disabled or entitled to Social Security Disability Insurance Benefits. On September 4, 2017, Plaintiff filed his Objection to

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, the Acting Commissioner of Social Security, has been substituted as the Defendant in this case.

Recommendation of U.S. Magistrate (d/e 16), in which he asserts two objections to the Report and Recommendation. For the reasons set forth below, Plaintiff's objections are OVERRULED. The Court ACCEPTS and ADOPTS the Report and Recommendation, subject to one minor factual revision.[2]

## I. **LEGAL STANDARD**

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "If no objection or only partial objection is made, the district court judge reviews

---

[2] Magistrate Judge Schanzle-Haskins states that Plaintiff reported in April 2013 that his back pain was usually a 6 on a 1 to 10 scale. Report and Recommendation, p. 5. However, Plaintiff's medical records from his April 2013 appointment indicate that Plaintiff reported his back pain was usually between a 6 and a 9 on a 1 to 10 scale. R. 310. Plaintiff did not object to any facts included in the Report and Recommendation, and the aforementioned factual error is harmless, as it did not factor into the analysis conducted by Magistrate Judge Schanzle-Haskins in the Report and Recommendation.

those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Under the clear error standard, the district court can overrule a magistrate judge only if the district court "is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## II. **BACKGROUND**

The Court adopts the facts as presented by Magistrate Judge Schanzle-Haskins in the Report and Recommendation, subject to the revision noted above. The Court sets forth below only those facts necessary to resolve Plaintiff's objections to the Report and Recommendation.

On April 25, 2012, Plaintiff's first application to receive Social Security Disability Insurance Benefits was denied. R. 90-103. However, Plaintiff filed another application for said benefits on July 13, 2002. R. 117.

After the filing of the second application for Social Security Disability Insurance Benefits, Plaintiff went to several appointments with his treating physicians. On April 3, 2013, Plaintiff attended an appointment with his neurosurgeon, Jerry Bauer, M.D. R. 310-13.

At this appointment, Plaintiff complained of low back pain, pain in the left groin, and a sharp sensation down one of his legs. R. 310. Plaintiff characterized his back pain as usually between a 6 and a 9 on a 1 to 10 scale. Id. Dr. Bauer noted that Plaintiff was negative for back pain, bone or joint symptoms, muscle weakness, myalgia, neck stiffness, numbness in extremities, and rheumatologic manifestations. R. 311. Dr. Bauer found that Plaintiff's balance, gait, and coordination were intact and that Plaintiff showed no signs of motor weakness. Id. He also noted that Plaintiff walked without a limp, experienced no pain during straight leg testing, and had slightly diminished reflexes in his left ankle only. R. 312. In addition, Dr. Bauer noted no atrophy and that Plaintiff's strength was intact. Id. Dr. Bauer diagnosed Plaintiff as having back and sciatic pain and ordered an MRI and x-ray of Plaintiff's lumbar spine. Id.

On July 3, 2013, Plaintiff saw Dr. Bauer for a follow-up examination. R. 321-23. Plaintiff informed Dr. Bauer that Plaintiff's legs had been giving out on occasion, tending to make Plaintiff fall. R. 321. Plaintiff also conveyed that he was walking with the help of a cane at all times. Id. After reviewing the MRI and

x-ray of Plaintiff's lumbar spine, Dr. Bauer noted that there was a solid fusion at L5-S1; no degenerative disc disease, disc herniation, or stenosis at any other level; and mild facet arthropathy at L4-L5. Id. Dr. Bauer again found that Plaintiff's balance, gait, and coordination were intact and that Plaintiff showed no signs of motor weakness. R. 322. Dr. Bauer also noted that Plaintiff did not need additional surgery. R. 323. However, Dr. Bauer determined that Plaintiff was unable to return to his former employment and that, at best, Plaintiff could perform sedentary work that came with a 10-pound lifting restriction and an opportunity to change position and avoid prolonged sitting, standing, or walking. Id. Dr. Bauer also noted that Plaintiff was applying for Social Security Disability Insurance Benefits. Id.

On June 9, 2014, Plaintiff again saw Dr. Bauer. R. 325-27. Plaintiff complained of back pain and dysesthesia (an unpleasant, abnormal sense of touch) in his left leg and foot and indicated that he walked with a cane to prevent him from falling. R. 325. Consistent with previous appointments, Dr. Bauer found that Plaintiff's balance, gait, and coordination were intact and that Plaintiff showed no signs of motor weakness at the June 2014

appointment. R. 327. It was Dr. Bauer's opinion that Plaintiff was stable. Id. However, Dr. Bauer determined that Plaintiff was unable to work because of his continued pain and use of a cane to walk. Id. Dr. Bauer also reiterated his assessment from April 2013—that Plaintiff was unable to return to his former employment and that, at best, Plaintiff could perform sedentary work that came with a 10-pound lifting restriction and an opportunity to change position and avoid prolonged sitting, standing, or walking. Id.

On July 25, 2014, Plaintiff saw Virgil Dyocco, M.D., in order to obtain prescription refills. See R. 333. Dr. Dyocco noted Plaintiff's complaints of chronic back pain and refilled Plaintiff's prescriptions for Valium and Tylenol #3 with codeine. Id. Dr. Dyocco also indicated in his notes that Plaintiff was unable to work. Id.

In January 2014, Plaintiff's application for Social Security Disability Insurance Benefits was denied. R. 116. The Administrative Law Judge (ALJ) found that while Plaintiff was limited to sedentary work, he was not disabled. R. 134. Plaintiff sought reconsideration of this decision. See R. 118. On April 24, 2013, Plaintiff's application was denied on reconsideration. R. 127.

The ALJ who denied Plaintiff's application on reconsideration[3] found that Plaintiff was capable of light work.  R. 126.  Plaintiff sought a hearing before an ALJ on his application.  R. 141.  The hearing was held on July 24, 2014.  R. 57.

On October 27, 2014, the ALJ who conducted the hearing[4] issued her revised decision.  R. 13-20.  The ALJ determined that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act.  R. 20.  Specifically, the ALJ found that Plaintiff had the "residual functional capacity to perform light work," but noted that Plaintiff could not climb ladders, ropes, or scaffolds and could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.  R. 16.  In making this determination, the ALJ gave "very little weight" to Dr. Bauer's opinion regarding Plaintiff's ability to perform only sedentary work, finding that the opinion was inconsistent with Dr. Bauer's treatment notes, which reflected "essentially normal physical exams."  R. 18.  Similarly, the ALJ gave

---

[3] The ALJ who denied Plaintiff's application on reconsideration was not the same ALJ who initially denied Plaintiff's application.

[4] The ALJ who conducted the hearing was neither the ALJ who denied Plaintiff's application on reconsideration nor the ALJ who initially denied Plaintiff's application.  All subsequent references to the ALJ in this Order correspond to the ALJ who conducted the July 2014 hearing and rendered the October 2014 revised decision.

"very little weight" to Dr. Dyocco's opinion that Plaintiff was unable to work, as the opinion was unsupported by Dr. Dyocco's treatment notes, which contained "very few objective findings." Id.

Plaintiff appealed the ALJ's decision, but the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of Defendant. R. 1. Plaintiff subsequently filed a Complaint (d/e 1) seeking judicial review of the ALJ's decision. Plaintiff ultimately filed a motion for summary judgment, and Defendant filed a cross motion for summary judgment. See d/e 12, 14.

Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation regarding the ALJ's decision and the parties' motions for summary judgment on August 21, 2017. Magistrate Judge Schanzle-Haskins determined that the ALJ's decision to deny Plaintiff Social Security Disability Insurance Benefits was supported by substantial evidence. More relevant to Defendant's objections, Magistrate Judge Schanzle-Haskins also determined that inconsistencies in Dr. Bauer's treatment notes were substantial evidence authorizing the ALJ's decision to give "very little weight" to

Dr. Bauer's opinion regarding Plaintiff's ability to perform only sedentary work.[5]

### III. ANALYSIS

Plaintiff asserts only two objections to the Report and Recommendation issued by Magistrate Judge Schanzle-Haskins. Plaintiff first objects that he never consented to Magistrate Judge Schanzle-Haskins disposing of this case. But Magistrate Judge Schanzle-Haskins merely made a recommendation to this Court regarding the ALJ's decision and the parties' motions for summary judgment, as is allowed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 72(b). As required by 28 U.S.C. § 636(b)(1), this Court will make the final decision regarding the ALJ's decision and the motions for summary judgment.

Plaintiff's second objection is that Magistrate Judge Schanzle-Haskins relied on the opinions of doctors who never examined Plaintiff and doctors who examined Plaintiff "on a single occasion

---

[5] Plaintiff, in his motion for summary judgment, did not take issue with the fact that the ALJ gave "very little weight" to Dr. Dyocco's opinion that Plaintiff was unable to work. Indeed, Plaintiff took the position that Dr. Dyocco made no determination in his treatment notes about Plaintiff's ability to work and that the ALJ had misread the treatment note. Nevertheless, because Plaintiff did not limit his objections to Dr. Bauer's opinion, the Court will consider whether the ALJ was justified in giving very little weight to Dr. Dyocco's opinion that Plaintiff was unable to work.

for a few minutes" to recommend an affirmance of the ALJ's decision, who impermissibly rejected the opinion of Plaintiff's treating physicians. Implicit in this objection is the argument that Magistrate Judge Schanzle-Haskins should have determined that the ALJ erred by not giving controlling weight to the opinions of Plaintiff's treating physicians.

Importantly, not implicit in Plaintiff's second objection is that, assuming the treating physicians' opinions are not given controlling weight, the ALJ's decision is not supported by substantial evidence. See Elder v. Astrue, 529 F.3d 408, 413 (7th Cir. 2008) (defining substantial evidence as relevant evidence that "a reasonable mind might accept as adequate to support a conclusion"). Indeed, one can imagine a Social Security case in which an ALJ would have substantial evidence to support his decision regardless of which party prevailed but had to render a decision favorable to the plaintiff because a treating physician's opinion was given controlling weight. Accordingly, Magistrate Judge Schanzle-Haskins' conclusion that the ALJ's decision was supported by substantial evidence will be reviewed only for clear error. Johnson, 170 F.3d at

739. But first, the Court will address Plaintiff's objection regarding his treating physicians' opinions.

"[A] treating physician's medical opinion is entitled to controlling weight in the disability analysis if it is well supported by objective medical evidence and consistent with other substantial evidence in the record." Ghiselli v. Colvin, 837 F.3d 771, 776 (7th Cir. 2016) (internal quotation marks omitted). An ALJ must offer "good reasons" for not giving controlling weight to a treating physician's opinions. Brown v. Colvin, 845 F.3d 247, 252 (7th Cir. 2016); see also Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record . . . ."). "An ALJ must only minimally articulate his or her justification for rejecting or accepting specific evidence of a disability. Berger v. Astrue, 516 F.3d 539, 545 (7th Cir. 2008) (internal quotation marks omitted).

"Internal inconsistencies may provide good cause to deny controlling weight to a treating physician's opinion, but the reasoning for the denial must be adequately articulated." Minnick v. Colvin, 775 F.3d 929, 938 (7th Cir. 2015). An ALJ can also

refuse to give a treating physician's opinion controlling weight if the opinion "is based upon the claimant's subjective complaints rather than objective medical evidence." Ghiselli, 837 F.3d at 776. If a treating physician's opinion is not given controlling weight, the ALJ "must address the appropriate weight to give the opinion." Stage v. Colvin, 812 F.3d 1121, 1126 (7th Cir. 2016). Factors relevant to the amount of weight given to a treating physician's opinion not given controlling weight include the amount of relevant evidence supporting the opinion and the opinion's consistency with the record. See Brown, 845 F.3d at 252.

The Court finds that the ALJ gave good reasons for giving "very little weight" to the opinions of Dr. Bauer and Dr. Dyocco regarding Plaintiff's ability (or inability) to work. Regarding Dr. Dyocco's opinion that Plaintiff was unable to work, the ALJ noted that the opinion was not supported by Dr. Dyocco's treatment notes and the few objective findings made therein. R. 18. In the treatment note for July 25, 2014, Dr. Dyocco assesses Plaintiff as suffering from chronic low back pain with a "disc problem." R. 333. The only objective finding on which the assessment is based is that Plaintiff was experiencing a sore back. Id. The only subjective findings on

which the assessment is based are that Plaintiff complained of chronic back pain and muscle spasms, had surgery in the past, was still being seen by a neurosurgeon, and was requesting refills of his pain medication, Valium and Tylenol #3 with codeine. Id. While the assessment regarding chronic low back pain may have been accurate, the ALJ determined that the assessment, based mainly on the aforementioned subjective, as opposed to objective, findings, did not support the conclusion that Plaintiff was unable to work in any way. Indeed, just because a person has a sore back, complains of chronic back pain, and takes Valium and Tylenol #3 with codeine does not mean that the person cannot work. The ALJ had good reason to give "very little weight" to Dr. Dyocco's opinion that Plaintiff was unable to work.

As for Dr. Bauer's opinion that Plaintiff could perform only sedentary work that came with a 10-pound lifting restriction and an opportunity to change position and avoid prolonged sitting, standing, or walking, the ALJ determined that the opinion was inconsistent with Dr. Bauer's treatment notes and the "essentially normal physical exams" described therein. R. 18. Dr. Bauer's relevant treatment notes consistently indicate that Plaintiff's

balance, gait, and coordination were intact and that Plaintiff showed no signs of motor weakness. R. 311, 321, 325. At one appointment, Dr. Bauer also noted that Plaintiff walked without a limp and experienced no pain during straight leg testing. R. 312. At this same appointment, Dr. Bauer noted no atrophy and that Plaintiff's strength was intact and had slightly diminished reflexes in his left ankle only. Id. At a subsequent appointment, Dr. Bauer, after having reviewed an x-ray and an MRI of Plaintiff's lumbar spine, noted that there was a solid fusion at L5-S1 and no degenerative disc disease, disc herniation, or stenosis at any other level. R. 321. At the same appointment, Bauer also noted that Plaintiff did not need additional surgery. R. 323. Further, Dr. Bauer, at Plaintiff's June 2014 appointment, was of the impression that Plaintiff was stable. R. 327.

The ALJ determined that the aforementioned findings from Dr. Bauer's treatment notes were inconsistent with Dr. Bauer's conclusion that Plaintiff could only perform sedentary work with significant restrictions. Indeed, one would certainly not expect Dr. Bauer's treatment notes on Plaintiff, who was claiming a disability based on back pain and sciatic pain in one leg, to be unremarkable

when it came to Plaintiff's gait, strength, and balance and note Plaintiff as having no pain during a straight leg test or as having a solid fusion at L5-S1 with no degenerative disc disease, disc herniation, or stenosis at any other level.  It appears that Dr. Bauer's opinion on Plaintiff's ability to work was based primarily on Plaintiff's subjective complaints, as opposed to objective medical evidence.  The ALJ therefore had good reason to give "very little weight" to Dr. Bauer's opinion regarding Plaintiff's ability to perform only sedentary work with significant restrictions.

Additionally, after reviewing Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support Thereof, Defendant's Motion for Summary Affirmance, the Report and Recommendation, the factual record, and the applicable law, this Court finds no clear error in Magistrate Judge Schanzle-Haskins' finding that Defendant's decision that Plaintiff was not disabled and could perform light work was supported by substantial evidence. See Alvarado v. Colvin, 836 F.3d 744, 747 (7th Cir. 2016) (noting that the Court, in determining whether an ALJ's decision was supported by substantial evidence, may not substitute its judgment for that of the ALJ).  Indeed, Magistrate Judge Schanzle-Haskins, in

making his "substantial evidence" finding, relied on the x-ray and MRI of Plaintiff's lumbar spine, the treatment notes of Plaintiff's neurosurgeon and a state agency physician who performed a consultative examination on Plaintiff in November 2012, and the hearing testimony of a vocational expert.  <u>See</u> Report and Recommendation, p. 18.  The Court finds no clear error with respect to any other portion of the Report and Recommendation.

### IV.  <u>CONCLUSION</u>

For the reasons stated, IT IS ORDERED THAT:

**(1)    Plaintiff Luke E. Hardy's Objection to Recommendation of U.S. Magistrate (d/e 16) is OVERRULED.**

**(2)    The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 15) is ACCEPTED and ADOPTED, subject to the one factual revision discussed above.**

**(3)    Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support Thereof (d/e 12) is DENIED.**

**(4)    Defendant's Motion for Summary Affirmance (d/e 14) is GRANTED.**

(5) Defendant's decision that Plaintiff was not disabled or entitled to Social Security Disability Insurance Benefits is **AFFIRMED**.

(6) **THIS CASE IS CLOSED.**

ENTER: September 28, 2017

_/s/ Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE